IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| THE MONEY SOURCE, INC. | § | |
| | § | |
|     Plaintiff | § | |
| | § | CASE NO. 7:17-00038 |
|  v. | § | |
| | § | |
| CHRISTINA K. FERGUSON, | § | |
| | § | |
|     Defendant | § | |

**COMPLAINT**

Plaintiff sues the Defendants as follows:

1.   Plaintiff is a corporation, incorporated in and with its principal place of business located in New York of which it is a citizen per 28 U.S.C. § 1332.

2.   Defendant Christina K. Ferguson is an individual, domiciled in and a citizen of Texas per 28 U.S.C. § 1332.

3.   Per 28 U.S.C. § 1332, the parties are diverse and the amount in controversy exceeds $76,000.00, per the value of the realty at issue and/or relief from plaintiff's perspective. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967) Value may be determined by an instrument governing the property, like those at issue. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961) The Court has sole jurisdiction as to the realty at issue. ***Wabash v. Adelbert***, 208 U.S. 54 (1907) Per 28 U.S.C. § 1367, jurisdiction exists over all claims in this case.

4.    Personal jurisdiction exists and is proper per Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and/or the Constitution as the Defendant resides in and/or conduct business in Texas and/or claim interests in the Texas real property at issue.

5.    Under 28 U.S.C. § 1391 and § 124, venue is proper as the Defendant resides in this District and/or a substantial part of the events or omissions giving rise to the claim occurred, the location of the real property at issue.

6.    The real property at issue is described as:

A 2.5 ACRE TRACT OF LAND BEING THE NORTH 172.7 FEET OF LOT 23, FINLEY SUBDIVISION, A SUBDIVISION OF 121.40 ACRES OUT OF THE W/2 OF THE SE/4 AND THE SW/4 OF THE NE/4 OF SECTION 27, BLOCK 3, P.S.L., ANDREWS COUNTY, TEXAS, ACCORDING TO A PLAT OF RECORD IN VOL. 4, PAGE 15, PLAT RECORDS OF ANDREWS COUNTY, TEXAS.

AND

Solitare Mobile Home, Serial Numbers DHM3909NF and DMH3909NB; Label Numbers NMX001635 and NNX0016336; Weight 30463 and 34142; Size 16.0X72.0 and 16.0X72.0

Address: 2875 SE 5501, Andrews, Texas 79714

7.    On 3/6/14, Richard and Estella Evans, in whom title was vested, executed a Warranty Deed, conveying the Property to Jesse D. Ferguson and his wife, Defendant Christina K. Ferguson, recorded 3/10/14, Andrews County Instrument No. 14-1161.

8.    On 3/6/14, Jesse D. Ferguson executed a Note in the principal sum of $157,003.00 to Plaintiff to purchase the Property, per a vendor's lien in the Warranty Deed.

9.    On 3/6/14, Jesse D. Ferguson and his wife, Defendant Christina K. Ferguson, executed a Deed of Trust to Mortgage Electronic Registration Systems [MERS], as nominee for Plaintiff, securing the Property as collateral for the Note, recorded 3/10/14, Instrument No. 14-1162.

10.    On 11/28/14, Jesse D. Ferguson died intestate, survived by Defendant and their minor children, whose estate was not probated.

11.    Jessie D. Ferguson's death, intestacy, heirs and lack of estate were verified by Affidavits Concerning the Identity of Heirs, one executed 1/23/15 by Amber Journey, recorded 2/20/15, Instrument No. 15-0929 and another executed 2/10/15 by James Journey, recorded 2/20/15, Instrument No. 15-0930.

12.    All of Jesse D. Ferguson's rights, interest in and title to the Property vested upon his death in Defendant, subject to the Deed of Trust.

13.    The Defendant breached Plaintiff's Note/Deed of Trust, still in effect, not making payments and/or not fulfilling other obligations on them, now in default.

14.    Plaintiff held and/or owned its Note and/or Deed of Trust and/or claims in this matter and had standing to enforce them prior to commencing suit, their principal balance exceeding $76,000.00, plus attorney's fees as provided by law.

15. All interests in the Property are subject to, subordinate and inferior to Plaintiff's senior interest of which Defendant had notice and/or knowledge, from which she benefitted and will not be prejudiced or subjected to injustice by the relief sought.

16. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

17. Plaintiff does not seek a monetary judgment, fees, costs or other *in-personam* relief against the Defendant.

## COUNT I: *IN-REM* JUDICIAL FORECLOSURE OF REAL PROPERTY AND RELATED RELIEF AGAINST DEFENDANT

18. ¶ 1-17 are incorporated by reference.

19. The 2014-2015 Affidavits are admissible evidence of Jessie Ferguson's death, intestacy, heirs and lack of estate per Tex. Estate Code § 203.001.

20. Jessie D. Ferguson and Defendant jointly owned the Property as tenants by the entireties and/or as community property per Tex. Estate Code § 201.003 and/or applicable law.

21. Per Tex. Estate Code § 201.003 and § 201.103 and/or other applicable law, all right, title and interest in the Property vested in Defendant upon the death of Jessie D. Ferguson whose estate was not probated in any court.

4

22. Defendant owns the Property, subject to Plaintiff's Note and Deed of Trust, which must be established for Plaintiff to enforce them.

23. Defendant breached Plaintiff's Note and/or Deed of Trust, failed to make payments and did not otherwise comply with them, still in effect on the Property.

24. Plaintiff accelerated the principal balance of its Note and Deed of Trust of which Defendant was given notice and/or notice was not required and/or is futile.

25. Per 28 U.S.C. § 2201 and § 2001 *et seq*, Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and 37.001 *et seq,* Tex. Prop. Code § 22.001, § 51.002, Tex. Estates Code § 202.001 *et seq* and applicable principles, Plaintiff requests the Court declare, establish and judicially foreclose its senior interest in the Property, owned by the Defendant subject to its interest, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Deed of Trust plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

## COUNT II: POSSESSION AND RELATED RELIEF
## AGAINST THE DEFENDANT AND/OR ALL OTHERS

26. ¶ 1-17 and ¶ 25 are incorporated by reference.

27. The Defendant and/or others occupy and possess the Property, which Plaintiff and/or any purchaser at sale is entitled to post-sale possession.

28. Per Fed. R. Civ. P. 64, Tex. R. Civ. P. 310, and applicable principles, Plaintiff requests the Court award possession of the Property to it and/or any other purchaser at sale, ejecting the Defendant and/or any others.

29. The individual Defendant is not currently in and has not been in the military for the last 30 days and is not subject to protection under 50 U.S.C. §3901 *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

a) Per Count I, the Court declare, establish and judicially foreclose its senior interest in the Property, owned by the Defendant subject to its interest, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Deed of Trust plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption;

6

b) Per Count II, the Court award possession of the Property to it and/or any other purchaser at sale, ejecting the Defendant and/or any others; and

c)    All other just and proper relief.

Respectfully submitted this 22nd day of February, 2017.

By:    */s/Coury M. Jacocks*
       Coury M. Jacocks
       Texas State Bar No. 24014306
       James E. Albertelli, P.A.
       2201 West Royal Lane, Suite 155
       Irving, Texas 75063
       Telephone: 469-804-8457
       Facsimile: 469-804-8462
       Email: CJacocks@alaw.net
       Attorney for Plaintiff

By:    */s/Paul G. Wersant*
       Paul G. Wersant
       SD of TX Bar No. 3028703
       Albertelli & Whitworth, P.A.
       100 Galleria Parkway, Suite 960
       Atlanta, Georgia 30339
       Telephone: (770) 373-4242, Ext: 2476
       Fascimile: (770) 373-4260
       Email: pwersant@alaw.net
       Attorney for Plaintiff
       *Pro-Hac Vice* Pending
       File No. 17-003124