IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| THE MONEY SOURCE, INC. § | |
| § | |
| Plaintiff § | |
| § | CASE NO. 7:17-00038-RAJ |
| v. § | |
| § | |
| CHRISTINA K. FERGUSON, § | |
| § | |
| Defendant § | |

**PLAINTIFF'S VERIFIED MOTION**
**FOR DEFAULT JUDGMENT**

Per Fed. R. Civ. P. 55, Plaintiff moves for default judgment, incorporating by reference its Complaint [Doc 1] returns of service on the Defendant [Doc 11-12] and default. [Doc 14-15]

**STATEMENT OF FACTS AND PROCEEDINGS**

1. Plaintiff is incorporated in, with its principal place of business in New York. Defendant is domiciled in and a citizen of Texas and/or New Mexico. [Doc 11-12] There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, per the debt. [Complaint ¶ 1-3]

2. On 3/6/14, Richard and Estella Evans, in whom title was vested, executed a Warranty Deed, conveying the Property to Jesse D. Ferguson and his wife, Defendant Ferguson, recorded 3/10/14, per a precise recorded copy attached as **Exhibit 1**. [Complaint ¶ 4-7]

3. On 3/6/14, Jesse Ferguson executed a Note in the principal sum of $157,003.00 to Plaintiff to purchase the Property,

1

per a precise copy attached as **Exhibit 2**. [Complaint ¶ 8] On 3/6/14, Ferguson and Defendant executed a Deed of Trust to MERS, nominee for Plaintiff, securing the Property as collateral for the Note, per a precise recorded copy attached as **Exhibit 3**. [Comp.¶ 9]

4.   On 11/28/14, Jesse Ferguson died intestate, survived by Defendant and their children, whose estate was not probated, per Affidavits Concerning the Identity of Heirs, per precise recorded copies attached as **Exhibit 4-5**. Both affidavits show he had children with Defendant, but his rights, interest in and title to the Property vested on his death in Defendant, subject to the Deed of Trust. [Complaint ¶ 10-12]

5.   Defendant breached Plaintiff's Note/Deed of Trust, still in effect, not making payments and/or not fulfilling other obligations on them, now in default. Plaintiff held and/or owned its Note and/or Deed of Trust and/or claims in this case with standing to enforce them before suit, their principal balance exceeding $76,000.00 with attorney's fees. [Complaint ¶ 13-14]

6.   All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile. Plaintiff does not seek *in-personam* relief against Defendant. [Complaint ¶ 15-17]

7.   Plaintiff filed suit, serving Defendant at her residence [Doc 7, 11-12] to whom default was entered. [Doc 14-15] Plaintiff seeks a declaration of Defendant's title to the Property and

judicial foreclosure. [Count I; Complaint ¶ 19-25] Plaintiff also seeks possession of the Property. [Count II; Complaint ¶ 27-28]

8.  The outstanding loan balance is detailed in the breach letters attached as **Exhibits 6-7** as follows:

```
Unpaid Principal Balance:            $149,772.07
Due for payment:                     10/1/16
No other costs/fees are sought.
```

9.  Plaintiff's business records, attached as **Exhibit 8**, indicate Defendant ceased loan payments as she is unemployed, vacated the Property and could not be added to its title.

10. Defendant is not currently in and has not been in the military for the last 30 days and not subject to protection per 50 U.S.C. §3901 *et seq*. [Complaint ¶ 29] Plaintiff's Verification is attached as **Exhibit 9**, detailing the loan, Property, Defendant's military status and she is not an infant and/or was not adjudged incompetent. A proposed Judgment is attached as **Exhibit 10.**

**MEMORANDUM**

**I.  Plaintiff is entitled to Default Judgment.**

Per Fed R. Evid. 201, the Court is requested to take judicial notice of the exhibits referenced in the Complaint, attached to this Motion, per Fed. R. Civ. P. 10(c). Per 28 U.S.C. § 1332, the parties are diverse and sum in controversy exceeds $76,000.00, per the Note/Deed of Trust. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967) ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961); The Court has jurisdiction of the Property. ***Wabash v. Adelbert***, 208 U.S. 54

(1907) Texas/federal law apply. ***Erie v. Tompkins***, 304 U.S. 64, (1938)

Entry of default means Defendant admitted the well-pled allegations of the Complaint. ***Nishimatsu v. Houston***, 515 F.2d 1206 (5th Cir. 1975) The Court takes the Complaint's well-pled allegations as true. ***United States v. Shipco***, 814 F.2d 1014 (5th Cir. 1987). The Complaint pled factually supported claims, entitling Plaintiff to relief. ***Nishimatsu*** 1206; ***New York v. Brown***, 84 F.3d 141 (5th Cir. 1996); ***Sequoia v. Williams***, LEXIS 30940, 30930 (N.D. Tex. 2014) [default judgment in judicial foreclosure]

## II. Plaintiff is entitled to a Declaratory Judgment.

In Count I, [Complaint ¶ 19-25] Plaintiff seeks a declaratory judgment of its senior interest in the Property. Per 28 U.S.C. § 2201 a declaratory judgment resolves a case/controversy. ***Kingman v. Bank***, LEXIS 108029 *9-10 (E.D. Tex. 2011) [court may declare lien priority]; ***ProBuild v. Rice***, LEXIS 126450 (S.D. Tex. 2009) [court may declare lease] Plaintiff also pled the claim per Tex. Civ. Prac. and Rem. Code § 37.001 *et seq. See* Tex. Civ. Prac. and Rem. Code § 37.001, § 37.004 and § 3.0076 [court may declare rights/relations of interested persons/creditors in estate]

A controversy exists as Jessie Ferguson owned the Property with Defendant, his wife, presumptively their marital community property. "Under Texas law, all property acquired during marriage is presumptively community property, subject to rebuttal by clear and convincing evidence." *See* Tex. Fam. Code Ann. §§ 3.002 & 3.003

4

(Vernon 2007). **_United States v. Brewer_**, 591 F. Supp. 2d 869 (N.D. Tex. Sept. 2008) Jessie Ferguson died intestate, who had two children with Defendant, per the Affidavits. Upon Jesse Ferguson's death, his estate, <u>including his title to the Property, vested in Defendant, his wife</u> per Tex. Estate Code § 201.003, which states:

>   (a)   If a person who dies intestate leaves a surviving spouse, the community estate of the deceased spouse passes as provided by this section.
>   (b)   <u>The community estate of the deceased spouse passes to the surviving spouse if</u>:
>       (1)   No child or other descendant of the deceased spouse survives the deceased spouse; or
>       (2)   <u>All of the surviving children and descendants of the deceased spouse are also children or descendants of the surviving spouse.</u>

Enforcing Plaintiff's interest in the Property requires determining Jesse Ferguson's heirs and their interests in the Property. See Tex. Estates Code § 22.012 [defines estate/heir] Per Tex. Est. Code § 202.001 and 202.201, the Court may declare heirs of an estate and their respective shares, when a person dies intestate, owning or entitled to property in Texas, without administration an estate in Texas [Tex. Est. Code § 202.002(1)]. Determination may be made any time after a decedent's death [Tex. Est. Code § 202.0025]. The action may be brought by a creditor or owner of all or part of the estate. [Tex. Est. Code § 202.004(2)]. Plaintiff seeks to enforce the Note/Deed of Trust, which named Defendant, heir/wife of Jesse Ferguson, whose estate was *never* opened. See Tex. Est. Code § 31.001 *et seq*. The Court should

5

resolve all issues on the Property, including determining its ownership by Defendant as Texas federal courts did in similar cases. *King Bean v. Williams et al*, Case No. 3:13-cv-03054-P (N.D. Tex. 2013); *Money Source v. Wylie et al*, Case No. 4:17-cv-00540 (S.D. Tex. 2017) [declared heirs of deceased debtor and judicial foreclosure] *Williams v. Williams*, LEXIS 24228 *27 (E.D. Tex. 2011) [Suit for breach of contract on estate proper against heirs as no personal representative was appointed] *See Solomon v. Skinner*, 18 S.W. 698 (Tex. 1891) [Suit to declare lien priority/foreclose properly amended to name heirs: no estate opened/no administrator appointed]; *Price v. Estate*, 522 S.W.2d 691 (Tex. 1975) [Suit for decedent's liability on claim, subjecting estate to payment, should be brought as to personal representative or heirs/beneficiaries] *Rooke v. Reed*, 838 S.W.2d 229 (Tex. 1992) [Suit proper as to representative *or if unavailable,* heirs/beneficiaries] Ferguson had no estate and this suit is proper against Defendant.

Per Tex. Estates Code § 201.103 and 28 U.S.C. §2201, Plaintiff is entitled to a declaratory judgment that, upon his death, Jessie Ferguson's title to the Property vested in Defendant, subject to Plaintiff's Deed of Trust, senior interest in the Property.

### III. Plaintiff is entitled to Judicial Foreclosure.

Per Count I, Plaintiff may judicially foreclose its Deed of Trust which proved (1) borrower signed the Note; (2) it owns or holds the Note (3) in default. *Compass v. Villages*, LEXIS 85706

6

(S.D. Tex. 2011); **_Wells v. Samples_**, LEXIS 41031(N.D. Tex. 2015) Plaintiff met all conditions precedent to the case. **_Thompson v. U.S. Bank_**, LEXIS 181944 (S.D. Tex. 2016) [summary judgment on counterclaim of judicial foreclosure] The endorsed note may be enforced by the holder. **_Whittier v. Ocwen_**, 594 Fed. Appx. 835 (5th Cir. 2014) Plaintiff may judicially foreclose, as it demonstrated a note, some or part of note due and unpaid and property subject to lien is same one on which plaintiff seeks to enforce the lien. **_U.S. Bank v. Davis_**, LEXIS 69145 (W.D. Tex. 2015) [summary judgment on claim of judicial foreclosure] Plaintiff holds the Note/Deed of Trust which it may judicially foreclose. **_Sequoia v. Williams_**, LEXIS 30930, 30940 (N.D. Tex. 2014) [judicial foreclosure/writ of possession]; **_JP Morgan v. Shatteen_**, LEXIS 2285 (E.D. Tex. 2015) [decree of foreclosure/writ of possession which lender may elect per default]; **_HSBC v. Johnson_**, LEXIS 44968 * 15 (S.D. Tex. 2015) [plaintiff pled judicial foreclosure by alleging 1) defendant made note/deed of trust; 2) which plaintiff held/could foreclose; 3) defendant was in default] *See also* **_Graves v. Drane_**, 1 S.W. 905 (Tex. 1886); **_Shaw v. Americane_**, 60 S.W.2d 1110-11 (Tex. App. 1933); **_Warnecke v. Broad_**, 161 S.W.2d 453-54 (Tex. 1942). Defendant waived defenses to this case. **_Love v. State Bar_**, 982 S.W.2d 943 (Tex. App. 1998) [defendant has burden of proving affirmative defenses which must be pled, proven and have findings to support them; or are waived]

Per the default, Plaintiff was entitled to accelerate the debt. ***SKY/RGS v. First***, LEXIS 23078 *13 (N.D. Tex. 1996) Plaintiff's debt is capable of mathematical computation/ascertainment from the definite figures in this verified Motion. ***United v. Freeman***, 605 F.2d 857 (5th Cir. 1979). This Motion details the debt in which Plaintiff may rely upon its business records. ***Catalina v. Cramer***, LEXIS 1813 *6-30 (Tex. App. 1998) [plaintiff may utilize admissible business records to prove note, ownership, default and damages] The documents are self-authenticating. ***Roper v. CitiMortgage***, LEXIS 14518 *33-35 (Tex. App.—Austin 2013, pet. denied) (mem. op.).

Plaintiff's Note/Deed of Trust are the senior interest in the Property. ***Kingman v. Bank***, LEXIS 108029 (E.D. Tex. 2011); ***Colonial v. Texboro***, 401 S.W.2d 360 (Tex. App. 1966). Plaintiff named Defendant whose interests in the Property are subject to that of Plaintiff. ***Johnson v. Snaman***, 76 S.W.2d 827-28 (Tex. 1934) [heir received deceased mother's title to property, subject to deed of trust which could be judicially foreclosed] Foreclosure extinguishes other liens/vests title in holder of senior lien. ***Flag-Redfern v. Humble***, 744 S.W.2d 9 (Tex. 1987). 28 U.S.C. § 2001 governs judicial foreclosure in federal district court. ***Williams***, LEXIS 30930; ***US v. Blakeman***, LEXIS 16223 (N.D. Tex. 1990) ***Maldonado v. CitiMortgage***, LEXIS 168682 (S.D. Tex. 2016) Per 28 U.S.C. § 2001 *et seq* and applicable law, a sale of the Property will be

scheduled and advertised for 4 continuous weeks in the county where the Property is located.

Under Fed. R. Civ. P. 53, Plaintiff seeks appointment of a special master to conduct the sale, Mark Hooper, Esq., Hooper Law Office, 301 NW 1st St, Andrews, TX 79714, Ph: (432) 524-4015, and/or their designee per prior Texas federal cases. **Sequoia**, LEXIS 30930* 3-4;LEXIS 30940 [appointed special master on judicial foreclosure]; **King Bean**, Case No. 3:2013-cv-03054, [Doc 62: Order appointing special master for judicial foreclosure]; **Money Source v. Wylie et al**, Case No. 4:17-cv-00540 (S.D. Tex. 2017) [Doc 9: order appointing special master for judicial foreclosure]; **Holland v. Int**. 85 F. 865-867 (5th Cir. 1898) [same] **Pewabic v. Mason,** 145 U.S. 362 (1892) [discussed foreclosure sale by special master] See Tex. Prop. Code § 5.004 [Conveyance by *officer legally authorized to sell the property under a judgment of a court* within the state passes absolute title to the property to the purchaser.] Other federal courts appointed special masters to conduct judicial foreclosures. **Wilmington v. Pearce**, LEXIS 41673 (M.D. Fla. 2017); **Landmark v. Sanchez**, LEXIS 196491 (M.D. Fla. 2014) [appointed special master for judicial foreclosure sale]; **NWE7 v. Thomco**, LEXIS 184633 (N.D. Fla. 2015); **Charterbank v. TW**, LEXIS 124888 (N.D. Fla. 2012); **Stearns v. Farrell**, LEXIS 12811 (M.D. Fla. 2012) [judicial foreclosures by special masters]; **Sequoia v. Henry**, LEXIS 23581 (M.D. Fla. 2014) [special master/designee may conduct sale];

***Sequoia v. Rosales***, LEXIS 132178 (M.D. Fla. 2013); ***Sequoia v. Stewart***, LEXIS 3778 (E.D. Mich. 2017); ***Landmark v. Gardner***, LEXIS 193132 (N.D. Ga. 2014) A special master averts costs of the Marshal, per 28 U.S.C. § 1921, which Plaintiff does not wish to assess. ***Federal v. Hassler***, 595 F.2d 358 (6th Cir. 1979)

**IV.  Plaintiff and/or any purchaser is entitled to post-sale possession of the Property.**

Per Count II, [Complaint ¶ 27-28] Plaintiff or any purchaser of the Property is entitled to post-sale possession of the Property per Fed. R. Civ. P. 64 and as ordered before. ***Sequoia***, LEXIS 30930* 3-4; LEXIS 30940 [granted post-sale possession of property after judicial foreclosure]; ***King Bean***, Case No. 3:2013-cv-03054 [Doc 62: order for post-sale possession of property after judicial foreclosure]; ***Money Source v. Wylie et al***, Case No. 4:17-cv-00540 (S.D. Tex. 2017) [Doc 9: judgment for post-sale possession of property after judicial foreclosure]; ***US v. Estate of Moore***, LEXIS 1764 *5 (S.D. Tex. 2001); ***US v. Estate of Botkin***, LEXIS 6313 (S.D. Tex. 2001) [possession in judicial foreclosures] ***Wabash***, 208 U.S. 54 [court has jurisdiction to hear and determine all questions respecting title, possession or control of the property."] ***JP Morgan***, LEXIS 2285 [granted possession in judicial foreclosure] *See* Tex. R. Civ. P. 310 [court may grant post-sale writ of possession] *See also* Tex. Prop. Code § 24.002.

**CONCLUSION**

WHEREFORE, Plaintiff prays this Motion be granted as to the relief sought in Counts I-II of the Complaint and for all other just and proper relief. Per Fed. R. Civ. P. 5 (a)(2), no further service is required on Ferguson, in default for failing to appear.

Respectfully submitted this 2nd day of August, 2017.

    By:   */s/Coury M. Jacocks*
           Coury M. Jacocks
           Texas State Bar No. 24014306
           James E. Albertelli, P.A.
           2201 West Royal Lane, Suite 155
           Irving, Texas 75063
           Telephone: 469-804-8457
           Facsimile: 469-804-8462
           Email: CJacocks@alaw.net
           Attorney for Plaintiff

    By:   */s/Paul G. Wersant*
           Paul G. Wersant
           SD of TX Bar No. 3028703
           Albertelli & Whitworth, P.A.
           100 Galleria Parkway, Suite 960
           Atlanta, Georgia 30339
           Telephone: (770) 373-4242, Ext: 2476
           Fascimile: (770) 373-4260
           Email: pwersant@alaw.net
           Attorney for Plaintiff
           *Pro-Hac Vice*
           File No. 17-003124