## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **THE MONEY SOURCE, INC.,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. MO:17-CV-00038-RAJ |
| § | |
| **CHRISTINA K. FERGUSON,** § | |
| *Defendant*. § | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is Plaintiff the Money Source, Inc.'s ("Plaintiff") Motion for Default Judgment against Defendant Christina K. Ferguson ("Defendant"). (Doc. 17). After due consideration, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

### I. BACKGROUND

On February 22, 2017, Plaintiff filed its Complaint seeking an in-rem judicial foreclosure of real property located in Andrews, Texas against Defendant and alleging that Defendant breached a promissory note (the "Note") secured by the property at issue (the "Property") after failing to make payments on the Note held by Plaintiff. (Doc. 1). On June 30, 2017, Plaintiff personally served Defendant with process at her residence, 201 Lobo St., Aztec, NM 87410. Defendant's responsive pleading to Plaintiff's Complaint was required to be filed on or before July 21, 2017, within 21 days after service of summons in accordance with Fed. R. Civ. P. 12. To date, Defendant has failed to file any responsive pleading in this matter.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court granted Plaintiff's Motion for Clerk's Entry of Default against Defendant on July 25, 2017. On the same day, the Clerk of the Court entered default against Defendant. (Doc. 15). On August 2, 2017, Plaintiff filed its Motion for Default Judgment. (Doc. 17). Plaintiff states that its principal place of business is New York and Defendant is a citizen of Texas and/or New Mexico. (*Id*. at 1). Thus, there is complete

diversity of citizenship and the amount in controversy exceeds $75,000. (*Id.*). Personal jurisdiction and venue are proper as the real property at issue is located in Texas, described as follows:

> A 2.5 ACRE TRACT OF LAND BEING THE NORTH 172.7 FEET OF LOT 23, FINLEY SUBDIVISION, A SUBDIVISION OF 121.40 ACRES OUT OF THE W/2 OF THE SE/4 AND THE SW/4 OF THE NE/4 OF SECTION 27, BLOCK 3, P.S.L., ANDREWS COUNTY, TEXAS, ACCORDING TO A PLAT OF RECORD IN VOL. 4, PAGE 15, PLAT RECORDS OF ANDREWS COUNTY, TEXAS.
>
> AND
>
> Solitare Mobile Home, Serial Numbers DHM3909NF and DMH3909NB; Label Numbers NMX001635 and NNX0016336; Weight 30463 and 34142; Size 16.0X72.0 and 16.0X72.0
>
> Address: 2875 SE 5501, Andrews, Texas 79714

(Doc. 1 at 2).

On March 6, 2014, Richard and Estella Evans, in whom title was vested, executed a Warranty Deed, conveying the Property to Jesse D. Ferguson and his wife, Defendant Christina K. Ferguson, recorded March 10, 2014, by Andrews County Instrument No. 14-1161. On March 6, 2014, Jesse D. Ferguson executed a Note in the principal sum of $157,003.00 to Plaintiff to purchase the Property, pursuant to a vendor's lien in the Warranty Deed. On March 6, 2014, Jesse D. Ferguson and his wife, Defendant Christina K. Ferguson, executed a Deed of Trust to Mortgage Electronic Registration Systems ("MERS"), as nominee for Plaintiff, securing the Property as collateral for the Note, recorded March 10, 2014, by Instrument No. 14-1162.

On November 28, 2015, Jesse D. Ferguson died intestate, survived by Defendant and their minor children, whose estate was not probated. Jessie D. Ferguson's death, intestacy, heirs and lack of estate were verified by Affidavits Concerning the Identity of Heirs, one executed January 23, 2015, by Amber Journey, recorded February 20, 2015, by Instrument No. 15-0929, and another executed February 10, 2015, by James Journey, recorded February 20, 2015, by Instrument No. 15-0930.

All of Jesse D. Ferguson's rights, interest in and title to the Property vested upon his death in Defendant, subject to the Deed of Trust.  Defendant breached Plaintiff's Note and Deed of Trust by not making payments and not fulfilling other obligations on them, which are now in default.  Plaintiff held and owned the Note and Deed of Trust at issue in this matter and had standing to enforce them prior to commencing suit, their principal balance exceeding $75,000.00, plus attorney's fees as provided by law.  All interests in the Property are subject to, subordinate and inferior to Plaintiff's senior interest of which Defendant had notice and knowledge.  All conditions precedent to suit occurred.  Plaintiff does not seek in-personam relief against Defendant.

In Count I of the Complaint, Plaintiff seeks a declaratory judgment of title to the Property and judicial foreclosure. (Doc. 1).  In Count II, Plaintiff seeks possession of the Property. (*Id*.).  The outstanding loan balance is $149,772.07, which was due for payment on October 1, 2016.  No other costs or fees are sought by Plaintiff.  Plaintiff states that Defendant is not currently in and has not been in the military for the last 30 days and is not subject to protection under 50 U.S.C. § 3901 *et seq*.  This matter is now ready for disposition.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b).  That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis.[1] *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id*.

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id*. However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id*.

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

---

[1] To obtain a default judgment in cases involving servicemembers, the plaintiff must also certify that the defendant is not serving in the military. 50 App. U.S.C. § 521(b)(1).

### III.  DISCUSSION

Applying the three-part analysis detailed above, the Court concludes that Plaintiff is entitled to a default judgment on its claims against Defendant.

### A.     Default Judgment Is Procedurally Warranted

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted.  First, Defendant has not filed any responsive pleadings.  Consequently, there are no material facts in dispute.  *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").  Second, Defendant's failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.  *Lindsey*, 161 F.3d at 893.  Third, the grounds for default are "clearly established" since Defendant has not responded to the summons and complaint, the entry of default, or the Motion for Default Judgment.  *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).  Fourth, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.  Fifth, Plaintiff only seeks the relief to which it is entitled under Defendant's Note and Deed of Trust, mitigating the harshness of a default judgment against Defendant.  Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant.  *Id*.  Therefore, the Court concludes that default judgment is procedurally warranted.

### B.     Default Judgment Is Substantively Warranted

In light of the entry of default, Defendant is deemed to have admitted the allegations set forth in the Complaint.  Nonetheless, the Court must review the pleadings to determine whether they

provide a sufficient basis for Plaintiff's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the United States Court of Appeals for the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

To recover on its claim for unpaid debts, Plaintiff must show that (1) it is the holder of Defendant's promissory notes; (2) Defendant executed the notes; and (3) the notes are in default. *United States v. Chapa*, No. C–07–005, 2007 WL 4198387, at *1 (S.D. Tex. Nov. 23, 2007) (citing *F.D.I.C. v. McCrary*, 977 F.2d 192, 194 n. 5 (5th Cir. 1992)). Here, Plaintiff's filings establish that default judgment against Defendant is substantively warranted. In Count I, Plaintiff seeks a declaratory judgment of its senior interest in the Property. (Doc. 1). In Count II, Plaintiff seeks post-sale possession of the Property. Plaintiff has submitted verified copies of the Warranty Deed, the Deed of Trust, the Note, affidavits concerning the identity of heirs, and the default notice letters sent to Defendant. (Docs. 17-1, 17-2, 17-3, 17-4, 17-5, 17-6, 17-7). These documents establish that Plaintiff holds a valid senior lien on the Property.

Jessie Ferguson owned the Property with Defendant, his wife, presumptively their marital community property. (*Id.*). "Under Texas law, all property acquired during marriage is presumptively community property, subject to rebuttal by clear and convincing evidence." Tex. Fam. Code Ann. §§ 3.002 & 3.003. Jessie Ferguson died intestate and had two children with

Defendant. (Doc. 1). Upon Jesse Ferguson's death, his estate, including his title to the Property, vested in Defendant, his wife. Texas Estate Code § 201.003 states:

> (a)  If a person who dies intestate leaves a surviving spouse, the community estate of the deceased spouse passes as provided by this section.
> (b)  The community estate of the deceased spouse passes to the surviving spouse if:
>   (1)  no child or other descendant of the deceased spouse survives the deceased spouse; or
>   (2)  all of the surviving children and descendants of the deceased spouse are also children or descendants of the surviving spouse.

Plaintiff, a creditor, seeks to enforce the Note and Deed of Trust, which named the Defendant heir and wife of Jesse Ferguson. Upon his death, Jessie Ferguson's title to the Property vested in Defendant, subject to Plaintiff's Deed of Trust, senior interest in the Property. Here, Plaintiff has provided proof that (1) the borrower signed the Note; (2) Plaintiff owns or holds the Note; and (3) the Note is in default. Further, Plaintiff avers that it has fulfilled all conditions precedent to the case. Accordingly, as the holder of the Note and Deed of Trust, Plaintiff may enforce these instruments.

Further, Plaintiff may judicially foreclose on the Note due and the property that is subject to the lien. As a result of the default, Plaintiff was entitled to accelerate the debt. Plaintiff's debt is capable of mathematical computation or ascertainment from definite figures in documentary evidence or detailed affidavits. The verified Motion for Default Judgment details the debt by Plaintiff's business records. Under Fed. R. Civ. P. 53, Plaintiff seeks appointment of a special master to conduct the sale, namely Attorney Mark Hooper, Hooper Law Office, 301 NW 1st Street, Andrews, Texas 79714, Phone: (432) 524-4015.

After review, the Court concludes that Plaintiff's allegations are sufficient to provide Defendant with "fair notice" of Plaintiff's claims. The Court further determines that Defendant is not an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 *et seq*. Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** and it is ordered, declared, adjudged and decreed as follows:

1. Plaintiff holds the Note and Deed of Trust, the senior interest in the Property. Upon the death of Jessie Ferguson, his estate, including her title to any real property, such as the Property, vested in Defendant, his wife, subject to the Deed of Trust.

2. In accordance with its Deed of Trust, Plaintiff holds a valid first position senior interest upon all property, rights to property, claim or estate of the Defendant against the Property and its improvements, buildings, fixtures, and appurtenances located within this District and Division, secured as collateral under the Instruments, including rents derived from the Property.

3. Plaintiff's Deed of Trust is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of Defendant and all persons, occupants, entities and others claiming by, through or under her, which are subordinate to it and subject to foreclosure in this case. The Deed of Trust is foreclosed against the Property.

4. Under Fed. R. Civ. P. 53 and Tex. Prop. Code § 5.004, Mark Hooper, Hooper Law Office and/or their designee is appointed as Special Master and authorized to sell the Property, its improvements, buildings, fixtures, appurtenances for public sale, at the Andrews County Courthouse, or its office, at the usual hour and location for public sale, under 28 U.S.C. § 2001 *et seq.*, and applicable law, after publication of the advertised notice of the public sale of the Property, once a week for 4 weeks prior to the sale in a newspaper regularly issued and of general circulation in Andrews County, without right of redemption.

5. Under 28 U.S.C. §§ 564 & 566, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair, and competitive bidding.

6. At the sale, the successful bidder(s) shall deposit at least 10% of the successful bid with the Special Master, by cash, cashier's check or certified check, made payable to Plaintiff's counsel of record. To be permitted to bid, bidders shall present proof to the Special Master of their

compliance with this requirement. Plaintiff may place credit bids against the amount due on the Note and Deed of Trust, without payment.

7. A third-party bidder/purchaser will pay the balance of the purchase price for the Property in cash, cashier's check, or certified check, payable to Plaintiff's attorney, within 5 days after the sale date. If the purchaser defaults on this or any other condition of sale, then the deposit is forfeited and shall be applied to expenses of sale. The Property may then be reoffered for sale or sold to a second highest bidder at Plaintiff's discretion.

8. If Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to fully pay Plaintiff's bid. If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master.

9. Following completion of the sale, the Special Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court.

10. Plaintiff may assign the judgment and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

11. In accordance with Fed. R. Civ. P. 70, by motion after the sale, the Court will enter an order, confirming the sale of the Property, conveying title to the Property to the purchaser at sale, which shall be recorded at the local land records registry with the same legal effect as a conveyance or judgment under Texas law, such as Tex. Civ. Prac. & Rem. Code § 31.001 and § 34.045.

12. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law.

13. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this case, expenses of sale, including documentary stamps affixed to the

order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the legal rate from this date to the sale date.

14. Plaintiff or any other purchaser at the sale is granted possession of the Property, its improvements, fixtures and other contents. All other parties, occupants, entities and others will vacate the Property following the sale, as directed by the U.S. Marshall and/or local law enforcement officers, their deputies and agents, who are ordered to take any and all action to remove anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale is authorized to coordinate to take all actions reasonably necessary to effectuate same. Refusal or failure to vacate the Property is punishable by contempt.

15. Until the Property is sold and the successful bidder takes physical possession, all other parties, occupants, entities and others will take all reasonable steps necessary to preserve the Property in its current condition, including its buildings, improvements, fixtures and appurtenances, including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff. All parties, occupants, entities and others will not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so. Violation of the above is punishable by contempt of Court.

16. If any person fails or refuses to remove their personal property from the Property as specified in this Order, then any personal property remaining on the Property is deemed forfeited and abandoned and Plaintiff or other purchaser at sale is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described within this Order.

17.     The Court retains jurisdiction over this action and the Property for purposes of making any and all further orders and decrees as just and equitable, including but not limited to awarding costs, for contempt and for confirmation of the sale.

It is so **ORDERED.**

SIGNED this 7th day of September, 2017.

_____
ROBERT JUNELL
SENIOR U. S. DISTRICT JUDGE